NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR ORLANDO DIAZ, | No. 17-71572 |
| Petitioner, | Agency No. A077-483-948 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Oscar Orlando Diaz, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Diaz's contentions regarding particular social groups, past persecution, and nexus that he raises for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we dismiss the petition as to his asylum and withholding of removal claims.

Substantial evidence supports the agency's denial of CAT relief because Diaz failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government of Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Diaz's contention that the BIA violated his due process rights. *See Toufighi v. Mukasey*, 538 F.3d 988, 997 (9th Cir. 2008) (the BIA is "not required to search the record to tease out claims that [a petitioner has] not clearly made").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**